IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

LEONARD McKENZIE,

           Plaintiff,

v.                                           Civil Action No.
                                                  9:03-CV-1435 (LEK/DEP)

DONALD SELSKY,

           Defendant.

_____

APPEARANCES:                               OF COUNSEL:

FOR PLAINTIFF:

LEONARD McKENZIE, *pro se*

FOR DEFENDANT:

ELIOT SPITZER                               JEFFREY P. MANS, ESQ.
New York State Attorney General
Litigation Bureau
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

      Plaintiff Leonard McKenzie, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this action

pursuant to 42 U.S.C. § 1983, alleging deprivation of his constitutional rights.

In his complaint, plaintiff maintains that his procedural due process rights were violated in connection with a disciplinary hearing which was conducted on January 20 and 22, 2002, resulting in a lengthy period of disciplinary special housing unit ("SHU") confinement.  Central to plaintiff's claim is his contention that the disciplinary proceeding was not tape recorded, as constitutionally mandated.

Currently pending before the court is a motion by the defendant seeking entry of summary judgment dismissing plaintiff's complaint.  In his motion, defendant asserts that plaintiff's disciplinary hearing was in fact tape-recorded and, consequently, his procedural due process claim is lacking in merit.  Because the record now before the court convincingly establishes that plaintiff's disciplinary hearing was tape recorded, and no constitutional violation can otherwise be discerned, I recommend that defendant's motion be granted.

I.   BACKGROUND

The facts giving rise to plaintiff's claims in this action can be succinctly stated and, with one possible exception relating to a disciplinary hearing tape recording, do not appear to be particularly controversial.  Plaintiff is a New York State prison inmate entrusted to the custody of the New York

State Department of Correctional Services ("DOCS"); at the times relevant to his complaint, plaintiff was confined within the Auburn Correctional Facility. Complaint (Dkt. No. 1) § 6.

On January 17, 2002 plaintiff was issued two separate misbehavior reports, one by Corrections Officer Miccuci, and the other by Corrections Officer R. Smith, both arising out of an incident occurring earlier that day. Complaint (Dkt. No. 1) Exhs. C, D. Those misbehavior reports alleged that on that date, while being escorted to the yard for recreation, McKenzie turned toward Corrections Officer Miccuci and attempted to assault him, using his arms and fists. *Id.* During the assault and resulting efforts by prison workers to restrain McKenzie, according to the misbehavior reports, plaintiff struck Corrections Officer Smith in the left eye with a closed fist, and a sharpened piece of metal, apparently secreted at one time in the plaintiff's mouth, was retrieved. *Id.* As as result of the incident plaintiff was charged with several disciplinary violations including, *inter alia*, attempted assault on a staff member (Rule 100.11) and weapon possession (Rule 113.10).

A Tier III disciplinary hearing was conducted, beginning on January 20, 2002 and concluding on January 22, 2002, to address the charges set forth

in the two misbehavior reports.[1] Complaint (Dkt. No. 1) § 6; *id.* Exhs. A, B; *see also* Selsky Aff. (Dkt. No. 14) Exh. C.  At the close of the hearing plaintiff was found guilty on five of the seven charges collectively lodged in the two misbehavior reports, and a resulting penalty of sixty months of disciplinary confinement in the facility's SHU, with a corresponding loss of packages, commissary and telephone privileges, was imposed.  Complaint (Dkt. No. 1) § 6, Exh. A.

    Plaintiff appealed the disciplinary hearing determination and resulting penalty to defendant Donald Selsky, the DOCS Director of the Special Housing/Inmate Disciplinary Program.  Complaint (Dkt. No. 1) Exh. E; Selsky Aff. (Dkt. No. 14) ¶ 5.  After reviewing the record, including a tape recording of plaintiff's disciplinary hearing, defendant Selsky issued a determination on February 13, 2002, upholding the finding of guilt but reducing the penalty imposed to a total of thirty months of disciplinary SHU confinement and loss of privileges.  Complaint (Dkt. No. 1) Exh. F; Selsky Aff. (Dkt. No. 14) ¶ 7.

---

[1]    The DOCS conducts three types of inmate disciplinary hearings.  Tier I hearings address the least serious infractions, and can result in minor punishments such as the loss of recreation privileges.  Tier II hearings involve more serious infractions, and can result in penalties which include confinement for a period of time in the Special Housing Unit (SHU).  Tier III hearings concern the most serious violations, and could result in unlimited SHU confinement and the loss of "good time" credits. *See Hynes v. Squillace*, 143 F.3d 653, 655 (2d Cir.), *cert. denied,* 525 U.S. 907, 119 S. Ct. 246 (1998).

II.  PROCEDURAL HISTORY

Plaintiff commenced this action on December 3, 2003.  Dkt. No. 1.  In his complaint plaintiff names Donald Selsky as the sole defendant, and asserts a single cause of action, alleging the deprivation of his constitutionally protected procedural due process rights.  Specifically, plaintiff maintains that by disciplining him based upon an unrecorded disciplinary hearing, defendant violated his constitutional rights.  Plaintiff's complaint seeks injunctive relief, including a directive that he be released from SHU confinement and his disciplinary records expunged regarding the incident, and additionally requests an award of monetary damages in the amount of $150 for each day of SHU confinement served in connection with the disputed disciplinary proceeding.  Complaint (Dkt. No. 1) § 9.

On October 29, 2004, following the joinder of issue, defendant moved seeking the entry of summary judgment dismissing plaintiff's complaint.  Dkt. No. 14.  In his motion, defendant asserts that the record fails to substantiate plaintiff's claim that his disciplinary hearing was not tape recorded – the lynchpin of McKenzie's due process claim – and that, as such, his complaint is devoid of merit.  *See id.*  On or about November 29, 2004, plaintiff responded in opposition to defendant's motion, based upon his surmise that

5

the hearing was not tape-recorded, and that a recording of the proceedings later offered by the DOCS, and submitted to this court, was essentially reconstructed from surveillance monitors at the prison facility. Dkt. No. 15. Defendant has since responded, denying that accusation and pointing out that the damaged tape sought by the plaintiff and referred to in various of his submissions, apparently forming the basis for or substantiating his belief that the hearing was not recorded, relates to a disciplinary hearing which was conducted in 2001, and is not at issue in this case. Dkt. No. 16.

Defendant's motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

   A.   Summary Judgment Standard

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Under that provision, summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); *Security Insurance Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004).

When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion. *Anderson*, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n. 4; *Security Insurance*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial.[2] Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511.

When deciding a summary judgment motion, a court must resolve any

---

[2] A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. Though *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than merely "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

ambiguities, and draw all inferences from the facts, in a light most favorable to the nonmoving party. *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); *see also Anderson,* 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict.").

    B.    <u>Plaintiff's Procedural Due Process Claim</u>

At the heart of plaintiff's complaint in this action is the assertion that his procedural due process rights were violated with respect to the disciplinary hearing conducted beginning on January 20, 2002. Plaintiff's due process claim hinges, in turn, upon his contention that the disciplinary hearing was not tape recorded, as constitutionally required.

The procedural protections to which a prison inmate is entitled before being deprived of a constitutionally cognizable liberty interest are well established, the contours of the requisite protections having been articulated in *Wolff v. McDonnell*, 418 U.S. 539, 564-67, 94 S. Ct. 2963, 2978-80 (1974). Under *Wolff*, the constitutionally mandated due process

requirements include 1) written notice of the charges; 2) the opportunity to appear at a disciplinary hearing and present witnesses and evidence, subject to legitimate safety and penological concerns; 3) a written statement by the hearing officer explaining his or her decision and the reasons for the action being taken; and 4) in some circumstances, the right to assistance in preparing a defense. *Id.* Moreover, due process demands that a disciplinary hearing disposition be supported by at least "some evidence." *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 2774 (1985); *Gaston v. Coughlin*, 249 F.3d 156, 163 (2d Cir. 2001) (citing *Hill*).

Although prison policies or directives may require a prison disciplinary hearing to be tape recorded, at least one court in this circuit has held that defendant Selsky is not even constitutionally required to review audio tape recording generated at a hearing, when reviewing the hearing officer's determination, in order to comport with due process requirements under *Wolff*, so long as his review is otherwise constitutionally adequate. *Cherry v. Selsky*, No. 99Civ.4636, 2000 WL 943436, at *4-*5 (S.D.N.Y. July 7, 2000). In any event, the record now before the court firmly establishes that contrary to his assertion in this case, plaintiff's disciplinary hearing was tape

recorded. The record now before the court contains both a copy of the hearing tape recording, which has been reviewed by the court, and a transcript of that proceeding. Selsky Aff. (Dkt. No. 14) Exhs. C, E. The record also reflects that the hearing tape was reviewed by defendant Selsky in connection with plaintiff's appeal to his office from the hearing determination. *Id.* ¶ 3.

Plaintiff's allegations regarding the hearing tape appear to be based upon surmise, emanating from a Freedom of Information Law ("FOIL") request made by him on or about January 25, 2002, for three hearing tapes including tapes nos. 01-1084, 02-28 and 02-37. *See* Plaintiff's Opposition (Dkt. No. 15) Exh. A. In response to that request, according to a written memorandum supplied by the plaintiff, hearing tapes 02-28 and 02-37 were apparently provided, but plaintiff was notified that tape no. 01-1084 had been damaged. *See id.*

Defendant has convincingly established that the damaged tape relates to a disciplinary hearing which was conducted in 2001, a fact which plaintiff apparently acknowledges. *See* Mans Reply Aff. (Dkt. No. 16) ¶¶ 3-4; *see also* Complaint (Dkt. No 1) Exh. E (letter dated January 31, 2002 in which plaintiff acknowledges being given tape no. 01-1084, relating to a

10

disciplinary hearing conducted on November 7, 2001).  As was noted above, defendant has also convincingly demonstrated both that the hearing was, in fact, recorded and that defendant Selsky considered the hearing tape when deciding plaintiff's appeal of the resulting determination.  Based upon the record now before the court I find that no reasonable factfinder could conclude otherwise.

In sum, even assuming the existence of a constitutional right to have a prison disciplinary hearing tape recorded and that recording reviewed on appeal, the factual premise upon which plaintiff's due process claim is predicated – his contention that the January 20 and 22, 2002 disciplinary hearing was not tape recorded – cannot be substantiated, and in fact is belied by the record, which includes both the tape recording and a transcript of that proceeding.  Accordingly, I recommend dismissal of plaintiff's claim on the merits, as a matter of law.

IV.  SUMMARY AND RECOMMENDATION

Pivotal to plaintiff's procedural due process claim in this matter is his contention that his disciplinary hearing, which resulted in the imposition of thirty months of disciplinary SHU confinement and a corresponding loss of privileges, was not tape recorded.  Because it appears, without contradiction

11

other than through plaintiff's musings, that the hearing was recorded and a tape recording of that proceeding, which is now before the court, was reviewed by defendant Selsky in connection with plaintiff's appeal of that determination, plaintiff's procedural due process claim lacks merit, and is subject to dismissal as a matter of law.

Based upon the foregoing, it is hereby

RECOMMENDED that defendant's motion for summary judgment (Dkt. No. 14) be GRANTED, and plaintiff's complaint be dismissed in its entirety.

NOTICE: pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report

and recommendation upon the parties by regular mail.

                                                                  _____
                                                                  David E. Peebles
                                                                  U.S. Magistrate Judge

Dated:   August 31, 2005
             Syracuse, NY


G:\prisoner\McKenzie.wpd